The chancellor decided in this case that debts due to the wife at the time of her marriage belong to her if she survives the husband, even where he has brought a suit and recovered a judgment in their joint names, if the money has not been actually collected. But if the husband receives the amount of the debt, or takes a new security for the same, in his own name, the wife’s right of survivorship is gone; and the new or substituted security for the debt belongs to his personal representatives. That in the former case the suit for the recovery of the money is to be brought in the name of the husband and wife jointly, and where that is the case, if she survives, the cause of action survives to her for her own benefit. But in the case of a new security, taken in the name of the husband only, the right of the wife is extinguished, and the suit thereon must be brought in the ‘name of the husband, or in that of his personal representative, in case of his death. That the taking of a new security in the name of the wife after marriage is not an absolute reducing of the debt to possession, so as to deprive her of the right to the same in case of survivorship, but that the husband during his life may bring a suit thereon either in his own name, or in the joint names of himself and wife, at his election. Sentence and decree of the surrogate affirmed, with costs.